Filed 10/21/20  P. v. Henderson CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>AUSTIN DEAN HENDERSON,<br><br>    Defendant and Appellant. | D077216<br><br><br>(Super. Ct. No. JCF002810) |

APPEAL from an order of the Superior Court of Imperial County Christopher J. Plourd, Judge.  Appeal dismissed as moot; the case remanded with directions.

Heather L. Beugen, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting and Heather B. Arambarri, Deputy Attorneys General, for Plaintiff and Respondent.

This appeal challenges an expired criminal protective order (CPO) as overbroad.  It also urges this court to direct the superior court to notify the Judicial Council of California of the termination of the order by filing the

appropriate Judicial Council form (JCC Form CR-165). We will find the constitutional challenge to the language of the CPO has been rendered moot because the order expired of its own terms before this appeal was perfected. It does appear, however, the court must file the appropriate Judicial Council form so that the order is removed from the law enforcement database known as the California Law Enforcement Telecommunications System (CLETS). Accordingly, we will direct the court to file the JCC Form CR-165 in order to remove the now-defunct CPO from the database.

## PROCEDURAL BACKGROUND

In November 2019, Austin Dean Henderson pleaded no contest to corporal injury to a significant other (Pen. Code, § 273.5, subd. (a)). In December 2019, the court issued the challenged no contact CPO and placed Henderson on formal probation.

In March 2020, the court revoked Henderson's probation in this case in light of his commission of arson in another case. Henderson was sentenced to prison for two years. The record does not reflect a formal termination of the protective order; however, by its own terms, it expired when Henderson was no longer on probation.

Henderson filed his notice of appeal before his probation was revoked. He has not separately appealed from the probation revocation and subsequent prison sentence.

## DISCUSSION

The parties do not dispute the fact that the CPO terminated under its own terms in March 2020, when probation was revoked. Thus, we find the challenge to the scope of the order and any impact it might have on Henderson's right of free association has been rendered moot. The order no longer applies to Henderson and our examination of the specific language of

2

the expired order would provide no relief to him. (*People v. Travis* (2006) 139 Cal.App.4th 1271, 1280.) We decline to issue an advisory opinion on the validity of an expired order.

Henderson claims, and the People do not disagree, that the order was placed into the CLETS system by use of a Judicial Council form. The order makes clear termination of such orders need to be reported to the Judicial Council on the appropriate form. Otherwise, law enforcement users will continue to believe there is an outstanding CPO. The People dismiss this concern by arguing the order is no longer valid and users could essentially discern that from the language of the order and the fact that Henderson is not on probation. We see no reason to leave the defunct order on the database where it might result in unauthorized enforcement efforts. There is a direct and simple solution. The court must file the appropriate form to remove the CPO from CLETS.

## DISPOSITION

The appeal challenging the language of the CPO is dismissed as moot. The case is remanded to the Imperial County Superior Court with directions

to notify the Judicial Council of California of the termination of the CPO by filing the appropriate form.

HUFFMAN, J.

WE CONCUR:


BENKE, Acting P. J.


GUERRERO, J.

4